# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 168

Eugene E. Taszarek, Marlys J. Taszarek,
Trina E. Schilling, Steven E. Taszarek, and
Michael E. Taszarek,                                             Plaintiffs and Appellees

     v.

Lakeview Excavating, Inc., Brian Welken,
German Township, and Dickey County,                              Defendants

   and

Brian Welken,                                                    Defendant and Appellant

No. 20180303

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

William C. Black, Bismarck, ND, for plaintiffs and appellees.

Douglas W. Gigler, Fargo, ND, for defendant and appellant.

**Taszarek v. Lakeview Excavating. Inc.**

**No. 20180303**

**VandeWalle, Chief Justice.**

[¶1] Brian Welken appealed a district court judgment piercing Lakeview Excavating, Inc.'s corporate veil and holding him personally responsible for money damages awarded to Eugene Taszarek, Marlys Taszarek, Trina Schilling, Steven Taszarek, and Michael Taszarek. We reverse and remand, concluding the court's findings are inadequate to permit appellate review.

I

[¶2] In the spring of 2012, German Township in Dickey County selected Lakeview Excavating as a contractor for FEMA-funded road projects. Welken was Lakeview Excavating's president and sole shareholder. A farmer who owned land adjacent to land owned by the Taszareks permitted Lakeview Excavating to enter his property to harvest field rock used for the road projects. However, Lakeview Excavating also took rock from the Taszareks' property that was used in the road projects.

[¶3] The Taszareks sued Lakeview Excavating and Welken for intentional trespass, conversion of property, and unjust enrichment. The trespass and conversion claims were tried to a jury. The jury returned a verdict in the Taszareks' favor, finding Lakeview Excavating was the alter ego of Welken and holding both parties liable for damages. In *Taszarek v. Welken*, 2016 ND 172, ¶¶ 24, 26-27, 883 N.W.2d 880, we reversed and remanded, concluding that while Welken had consented to the jury deciding the alter ego issue, the district court did not adequately instruct the jury on the alter ego doctrine.

[¶4] On remand the district court ordered a March 2018 bench trial on the issue of whether Lakeview Excavating was the alter ego of Welken. At the conclusion of trial, the court requested the parties submit closing arguments and proposed findings. The court adopted the proposed findings submitted by the Taszareks and found Welken

1

used Lakeview Excavating and other corporate entities to conceal his individual dealings. The court concluded Lakeview Excavating was the alter ego of Welken and ruled the Taszareks could recover damages from either Welken or Lakeview Excavating.

## II

[¶5]   Welken argues the district court erred in piercing Lakeview Excavating's corporate veil and holding him personally liable for the Taszareks' damages.

[¶6]   Generally, the officers and directors of a corporation are not liable for the ordinary debts of a corporation; however, the corporate veil may be pierced when the legal entity is used to justify wrong, defeat public convenience, protect fraud, or defend crime. *Coughlin Constr. Co., Inc. v. Nu-Tec Indus., Inc.*, 2008 ND 163, ¶ 19, 755 N.W.2d 867 (citing *Intercept Corp. v. Calima Fin., LLC*, 2007 ND 180, ¶ 15, 741 N.W.2d 209; *Axtmann v. Chillemi*, 2007 ND 179, ¶ 12, 740 N.W.2d 838). Under the alter ego approach to piercing the corporate veil:

> [T]here must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist, and there must be an inequitable result if the acts in question are treated as those of the corporation alone.

*Taszarek*, 2016 ND 172, ¶ 10, 883 N.W.2d 880 (quoting *Red River Wings, Inc. v. Hoot, Inc.*, 2008 ND 117, ¶ 34, 751 N.W.2d 206).

[¶7]   A district court must consider the *Hilzendager-Jablonsky* factors when deciding whether to pierce the corporate veil:

> [F]actors considered significant in determining whether or not to disregard the corporate entity include: insufficient capitalization for the purposes of the corporate undertaking, failure to observe corporate formalities, nonpayment of dividends, insolvency of the debtor corporation at the time of the transaction in question, siphoning of funds by the dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and the existence of the corporation as merely a facade for individual dealings.

2

*Coughlin Constr.*, 2008 ND 163, ¶ 20, 755 N.W.2d 867 (quoting *Hilzendager v. Skwarok*, 335 N.W.2d 768, 774 (N.D. 1983)); *see also Taszarek*, 2016 ND 172, ¶ 12, 883 N.W.2d 880 (holding the *Hilzendager-Jablonsky* factors must be considered in all veil-piercing cases, including under the alter ego doctrine). In addition, "an element of injustice, inequity or fundamental unfairness must be present before a court may properly pierce the corporate veil." *Coughlin Constr.*, at ¶ 20. Courts should exercise caution in applying the alter ego doctrine. *Taszarek*, at ¶ 12.

[¶8]   The burden of proving the required elements for piercing the corporate veil rests on the party asserting the claim. *Intercept Corp. v. Calima Fin., LLC*, 2007 ND 180, ¶ 15, 741 N.W.2d 209. Piercing the corporate veil is heavily fact-specific and is within the district court's sound discretion. *Taszarek*, 2016 ND 172, ¶ 13, 883 N.W.2d 880. The court's findings of fact are presumed to be correct and will be set aside on appeal only if they are clearly erroneous. *Intercept Corp.*, at ¶ 15.

[¶9]   Here, the district court found the following *Hilzendager-Jablonsky* factors were present:

> Defendant Lakeview Excavating, Inc. was insufficiently capitalized for the purposes of its corporate undertaking, failed to observe corporate formalities, was insolvent at the time of the transaction in question, had its funds siphoned by its dominant shareholder, its other officers and directors were nonfunctioning, and existed as merely a facade for Defendant Brian Welken's individual dealings.

The court also concluded:

> Defendant Brian Welken used Defendant Lakeview Excavating, Inc., Lakeview Trucking, Inc., Lakeview Aviation, Inc. and Southeast Enterprises, Inc. to defeat public convenience, justify wrong, protect fraud, or defend crime.
> Elements of injustice, inequity, and fundamental unfairness are present.
> Such a unity of interest exists between Defendant Lakeview Excavating, Inc. and Defendant Brian Welken that the separate personalities of Lakeview Excavating, Inc. and Brian Welken do not in reality exist.

[¶10] Under N.D.R.Civ.P. 52(a)(1), in an action tried on the facts without a jury, "the court must find the facts specially." The purpose of the rule is to allow the appellate court to obtain a correct understanding of the factual issues determined by the district court as a basis for its conclusions of law and judgment. *Abelmann v. Smartlease USA, L.L.C.*, 2014 ND 227, ¶ 18, 856 N.W.2d 747. "Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule." *Abelmann*, at ¶ 18 (citing *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219). Because a court's decision on whether to pierce a corporation's corporate veil is heavily fact-specific, a court must sufficiently address the *Hilzendager-Jablonsky* factors and explain how they do or do not apply. *See Taszarek*, 2016 ND 172, ¶ 13, 883 N.W.2d 880.

[¶11] The district court's decision does not satisfy the requirements of N.D.R.Civ.P. 52(a), and its findings are insufficient to allow us to adequately understand its decision. As noted above, the court made conclusory findings on the *Hilzendager-Jablonsky* factors with little to no analysis. For example, the court found "Lakeview Excavating was undercapitalized for the purposes of its corporate undertaking." However, the court did not discuss any of Lakeview Excavating's financial documents submitted into evidence to explain how Lakeview Excavating was undercapitalized. *See State ex rel. Schlect v. Wolff*, 2010 ND 101, ¶ 13, 783 N.W.2d 642 (stating judges are not ferrets who engage in unassisted searches of the record or parties' briefs for a rationale supporting a court's decision). The record shows numerous exhibits and the testimony of six witnesses were received at the two-day bench trial on remand, but the court's order makes no mention of any exhibits or testimony supporting its findings.

[¶12] We conclude the district court did not make adequate findings of fact under N.D.R.Civ.P. 52(a) and its findings relating to piercing Lakeview Excavating's corporate veil are inadequate to permit appellate review.

4

## III

[¶13] We reverse the district court judgment piercing Lakeview Excavating's corporate veil and remand for further findings on the *Hilzendager-Jablonsky* factors and whether Lakeview Excavating was the alter ego of Brian Welken.

[¶14]   Gerald W. VandeWalle, C.J.
Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte