# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 143

Daniel T. and Debra Ann Bearce,                    Plaintiffs and Appellants

    v.

Yellowstone Energy Development,
LLC, Acting By and Through Its Board
of Directors,                                      Defendant and Appellee

## No. 20210010

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Charles L. Neff, Williston, N.D., for plaintiffs and appellants.

Kent A. Reierson (argued) and Trevor A. Hunter (on brief), Williston, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]   Daniel and Debra Bearce appeal the district court's summary judgment in favor of Yellowstone Energy Development, LLC. On appeal, the Bearces argue that the district court erred in concluding Yellowstone did not owe them a fiduciary duty and that, if a duty was owed, the Yellowstone Board of Directors did not breach its fiduciary duty. We affirm.

I

[¶2]   This is the second time this case has come before us. The material facts concerning this second appeal are the same as outlined in *Bearce v. Yellowstone Energy Dev., LLC*, 2019 ND 89, 924 N.W.2d 791.

[¶3]   In June 2006, representatives of a business entity that would eventually become Yellowstone went to the home of Daniel and Debra Bearce seeking to purchase 170 acres of land owned by the Bearces. Yellowstone successfully secured an exclusive option to purchase the land.

[¶4]   In 2008, Yellowstone exercised its option to purchase the land, and the parties entered into a contract for deed. In 2009, Yellowstone and the Bearces modified the contract for deed to alter some of the payment terms. Both the original contract for deed and the 2009 modified contract for deed included the following term providing for the payment of a portion of the purchase price with "shares" of a contemplated ethanol plant:

> In addition to the cash amounts stated above, the Sellers shall receive shares in the Buyer's limited liability company totaling a value of $100,000.00, in the name of the Sellers, to be delivered following financial close of the financing for the Buyer's ethanol plant to be constructed upon the above described real property.

[¶5]   Yellowstone subsequently abandoned its plan to build an ethanol plant on the Bearces' land. Yellowstone then negotiated a long-term lease with a third party to build an oil train loading facility on the Bearces' land.

[¶6]   In July 2010, Yellowstone sent a letter to the Bearces advising them $100,000 in "value" would be issued despite Yellowstone's abandonment of the plan to build an ethanol plant. The letter stated ownership units had not yet been issued and explained the Bearces would receive their ownership interest "at the time shares are issued to all its members." Shortly after receiving that letter, the Bearces executed and delivered a deed for the property to Yellowstone.

[¶7]   In December 2011, the Yellowstone Board of Directors approved a multiplier of three units per $1 invested for individuals who had provided initial cash investment in Yellowstone. The Bearces' interest in Yellowstone was not given the 3:1 multiplier. In October 2012, the Board approved a second multiplier of three units per $1 invested for individuals who had initially provided cash investment in Yellowstone. The Bearces' interest in Yellowstone was not given the second 3:1 multiplier.

[¶8]   Units representing ownership interest in Yellowstone were allocated and placed on a ledger sometime after December 4, 2012. After receiving a "unit ledger" indicating their interest in Yellowstone would not receive the 3:1 multiplier, the Bearces objected. Despite the objection, Yellowstone refused to apply the 3:1 multiplier to the Bearces' interest in Yellowstone.

[¶9]   The Bearces sued Yellowstone, asserting claims for breach of fiduciary duty, fraudulent inducement, and breach of contract. Both parties moved for summary judgment. The district court denied the Bearces' motion for summary judgment and granted Yellowstone's motion for summary judgment. On appeal, this Court affirmed the district court's judgment dismissing the claim for fraud and breach of contract but reversed the dismissal of the Bearces' claim for breach of fiduciary duty and remanded for further proceedings. *Bearce*, 2019 ND 89, ¶ 30.

[¶10] On remand, a bench trial was held at which the Bearces, the chief executive officer of Yellowstone, Robert Gannaway, and certified public accountant for Yellowstone, Rene Johnson, testified. At the trial, Debra Bearce testified that she and her husband never asked to see a copy of the LLC agreement. She further testified they never knew what percentage of ownership they were to have, they never asked how many total shares would be issued, and they never asked how much had been invested in Yellowstone.

## II

[¶11] The Bearces argue that those who represented Yellowstone during negotiations for the sale of the property were promoters of Yellowstone and, as such, owed them a fiduciary duty. The Bearces did not raise this issue below. This Court has consistently held that "a question not raised or considered in the trial court cannot be raised for the first time on appeal." *State v. Kensmoe*, 2001 ND 190, ¶ 17, 636 N.W.2d 183 (citation omitted). The Bearces cannot, for the first time on appeal, raise this issue.

[¶12] The Bearces also argue the Board owed them a fiduciary duty to act with good faith. They argue this duty was owed to them because Yellowstone is a closely held company and they were unitholders at the time the Board voted on the 3:1 split. A "closely held limited liability company" is defined as a company "that does not have more than thirty-five members." N.D.C.C. § 10-32-02(10) (now codified at N.D.C.C. § 10-32.1-02(7)). The unit ledger reveals there are 23 members of Yellowstone. Therefore, Yellowstone is a closely held company. Although Yellowstone may satisfy this statutory definition of "closely held limited liability company," the Bearces point to no statutory provision providing for fiduciary or other duties applicable to closely held limited liability companies.

[¶13] "We have recognized that N.D.C.C. ch. 10-19.1 provides significant protection for minority shareholders in a close corporation." *Brandt v. Somerville,* 2005 ND 35, ¶ 7, 692 N.W.2d 144 (citing *Fisher v. Fisher*, 546 N.W.2d 354, 358 (N.D. 1996)). We have "said N.D.C.C. ch. 10-19.1 'imposes a duty upon officers, directors, and those in control of a corporation to act in good

3

faith, and affords remedies to minority shareholders if those in control act fraudulently, illegally, or in a manner unfairly prejudicial toward any shareholder.'" *Id.* (quoting *Lonesome Dove Petroleum, Inc. v. Nelson*, 2000 ND 104, ¶ 30, 611 N.W.2d 154). The Bearces provide no authority, and we can find none, where a court has extended the duties that directors of a corporation owe to minority shareholders in a close corporation to the managing members or board of a limited liability company under the Uniform Limited Liability Company Act. *See Doherty v. Country Faire Conversion, LLC*, 2020 IL App (1st) 192385, ¶¶ 41-47 (concluding nonmember may not bring breach of fiduciary claim against a limited liability company or its manager under Uniform Limited Liability Company Act); Revised Unif. Ltd. Liab. Co. Act § 409 cmt. (distinguishing duties owed by members of limited liability company from fiduciary duties that arise in other contexts). In the absence of a statutory directive, we decline to extend the duties under law applicable to close corporations to closely held limited liability companies.

[¶14] The date the Bearces acquired their interest in Yellowstone and became members is a finding of fact. This Court reviews findings of fact under the clearly erroneous standard of review. N.D.R.Civ.P. 52(a)(6). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire record, we are left with a definite and firm conviction a mistake has been made." *Entzel v. Moritz Sport & Marine*, 2014 ND 12, ¶ 6, 841 N.W.2d 774 (citations omitted).

[¶15] A person becomes a member of a limited liability company as provided in the operating agreement. *See* N.D.C.C. § 10-32.1-27(4). Sections 4.2 and 4.3 of the operating agreement state that no person becomes a member of Yellowstone until that person is "listed with the appropriate number of Units on the Unit Ledger." The only such Unit Ledger where any member's units, including the Bearces', were listed was the Unit Ledger issued in December of 2012. The letter sent to the Bearces prior to the close of the property stated that their units would be issued "at the time shares [sic] are issued to all [Yellowstone's] members." The letter also stated that Yellowstone had not yet issued units to its members as of the date of the letter, July 20, 2010. All units

4

in the company, including the Bearces' units, were allocated in December 2012. The Bearces presented no evidence that any units had been allocated prior to December 2012. Daniel Bearce testified they did not receive their units until December 2012 and did not believe they were members of Yellowstone until that time. The district court's finding that the Bearces did not acquire their interest in Yellowstone until December 2012 is not clearly erroneous.

[¶16] Because only a member can sue for the relief sought here, and because the Bearces did not become members until December 2012, Yellowstone did not owe the Bearces a fiduciary duty prior to that time. The Board voted on the 3:1 multiplier for the seed money investors in December 2011 and October 2012, prior to the Bearces being issued their units. The Bearces have failed to show that, at the time the Board voted on the multipliers, the Board owed them a fiduciary duty that was breached by the passage of the multiplier.

III

[¶17] Because the Bearces have failed to show that the Board owed them a fiduciary duty that was breached by the passage of the multiplier, we affirm the judgment.

[¶18] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte

[¶19] The Honorable Lisa Fair McEvers disqualified herself and did not participate in this decision.

5