**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**MAY 26, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 111

West Dakota Oil, Inc.,                               Plaintiff and Appellee

     v.

Kathrein Trucking, LLC and Lee Kathrein,        Defendants and Appellants

## No. 20210326

Appeal from the District Court of Hettinger County, Southwest Judicial District, the Honorable James D. Gion, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Jon Bogner, Dickinson, ND, for plaintiff and appellee; submitted on brief.

Mark C. Sherer, Dickinson, ND, for defendants and appellants; submitted on brief.

**Crothers, Justice.**

[¶1]   Lee Kathrein appeals from a judgment piercing the veil of Kathrein Trucking, LLC. Kathrein argues the district court erred in finding him personally liable for the debts of his company. We reverse.

I

[¶2]   In May 2020, West Dakota Oil, Inc. sued Kathrein Trucking, LLC and its owner, Kathrein, for failing to pay for fuel West Dakota provided. West Dakota amended its complaint in January 2021 and alleged breach of contract, unjust enrichment and quantum meruit. It requested the principal amount of $51,380.26 plus interest, costs, expenses and attorney's fees.

[¶3]   A bench trial took place in June 2021. In September 2021, the district court issued a memorandum opinion finding in favor of West Dakota. The court issued its findings of fact and judgment, ordering Kathrein Trucking and Kathrein to pay $63,412.35, jointly and severally.

[¶4]   In deciding to pierce the veil of Kathrein Trucking, the district court found Kathrein disregarded the formalities required of limited liability companies, provided West Dakota title to a trailer Kathrein personally owned as security for the company's debt, charged items at West Dakota that Kathrein personally used, and utilized company assets for personal use. The court found Kathrein operated his company as an alter ego based on a totality of the circumstances and the rubric for factors used to pierce a veil.

II

[¶5]   Kathrein argues evidence does not support the district court's decision to pierce Kathrein Trucking's veil.

[¶6]   The district court's findings when resolving whether to pierce a company's veil are presumed correct, and this Court will reverse only if the findings are clearly erroneous. *Coughlin Constr. Co. v. Nu-Tec Indus.*, 2008 ND

163, ¶ 21, 755 N.W.2d 867. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, a reviewing court is left with a definite and firm conviction a mistake has been made." *Axtmann v. Chillemi*, 2007 ND 179, ¶ 15, 740 N.W.2d 838.

III

[¶7]   A member, manager, or governor of a limited liability company generally is not liable for the company's debts, obligations, or other liabilities. N.D.C.C. § 10-32.1-26(1). However, circumstances under which a corporate veil may be pierced also apply to limited liability companies. N.D.C.C. § 10-32.1-26(3). Factors considered in determining whether to pierce the veil include:

> "insufficient capitalization for the purposes of the corporate undertaking, failure to observe corporate formalities, nonpayment of dividends, insolvency of the debtor corporation at the time of the transaction in question, siphoning of funds by the dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and the existence of the corporation as merely a facade for individual dealings."

*Coughlin Constr. Co.*, 2008 ND 163, ¶ 20. An element of "injustice, inequity or fundamental unfairness" also must be present. *Id.*

[¶8]   Additionally, the alter ego approach to piercing a company's veil may be applied by demonstrating such a unity of interest between the company and its owner that separate personalities do not exist. *Taszarek v. Lakeview Excavating, Inc.*, 2019 ND 168, ¶ 6, 930 N.W.2d 98. The party asserting the claim must demonstrate an inequitable result if liability is on the company alone. *Id.* "Courts should exercise caution in applying the alter ego doctrine." *Id.* at ¶ 7.

[¶9]   The burden of proving the factors necessary to pierce the veil rests on the party asserting the claim. *Taszarek*, 2019 ND 168, ¶ 8. Piercing the veil is "heavily fact-specific and is within the district court's sound discretion." *Id.*

2

Because the decision is so fact-specific, district courts must "sufficiently address the . . . factors and explain how they do or do not apply." *Id*. at ¶ 10.

[¶10] Here, each factor was not individually addressed. The district court made conclusory findings that Kathrein disregarded formalities required of companies to avoid personal liability, Kathrein charged items to Kathrein Trucking that he used personally, and Kathrein utilized the company's assets for personal use. The only specific finding was that Kathrein provided West Dakota with title for a trailer he owned individually as security for money owed by Kathrein Trucking. The court ultimately found Kathrein operated Kathrein Trucking as an alter ego.

A

[¶11] Evidence does not support a finding that Kathrein disregarded corporate formalities. The findings do not specify the formalities Kathrein disregarded. West Dakota asserts Kathrein failed to maintain separate expense accounts and keep the business in good standing. At trial, Kathrein testified to failing to keep Kathrein Trucking in good standing with the North Dakota Secretary of State in 2020. However, after receiving a letter from the secretary of state, he filed the appropriate paperwork and put the company back into good standing. Regarding the expense account, West Dakota's account ledger showed Kathrein Trucking's charges dating back to 2009. West Dakota argues Kathrein commingled personal and company-related expenses because he used the same account for his company as he used when he was a sole proprietor. Kathrein testified to working under a trade name of Kathrein Trucking prior to forming the limited liability company in 2013. However, there is no evidence Kathrein used the company's account to make personal purchases.

[¶12] Evidence does not support a finding that Kathrein charged items to the company for his personal use. After reviewing the account ledger, the district court stated: "While it is possible all of the items could have been used by Kathrein Trucking, the Court finds it conceivable [Kathrein] diverted some of the products purchased from West Dakota for personal use." The evidence and West Dakota's burden of proof do not support this finding. To the contrary, the record demonstrates purchases from West Dakota were used only for Kathrein

Trucking business. West Dakota's fuel deliverer testified to direct communication with Kathrein about their fuel needs based on Kathrein Trucking's jobs:

> " – the only time we didn't keep it full is if he called me and said, 'You know what,' you know, 'We're going to be done with a job here in a couple weeks. Stop filling it. I'll let you know when you can start up again.'
> "Or, usually in the fall, he'd call and say, 'We're done hauling.' You know, 'I'll call you when I need it.'"

The fuel deliverer testified to filling Kathrein Trucking's tanks since 2009, when Kathrein began doing business with West Dakota. When asked whether he was delivering to Kathrein individually or Kathrein Trucking, the deliverer testified to delivering to the company.

[¶13] The only finding supported by evidence is that Kathrein provided West Dakota with a certificate of title for a trailer he personally owned as security for money Kathrein Trucking owed to West Dakota. The findings do not explain which factor that fell under or how Kathrein pledging the trailer was different than the common business practice of an individual being called on to personally guarantee the debt of a company. Nor did the court find Kathrein Trucking assets were used by Kathrein for personal purposes.

[¶14] The findings do not address factors such as insufficient capitalization, insolvency at the time of the transaction, siphoning of funds, absence of corporate records, or the existence of the company as a facade for individual dealings. *See Coughlin Constr. Co.*, 2008 ND 163, ¶ 20 (discussing the factors to consider in deciding whether to pierce the veil). Nor do the findings address the element of "injustice, inequity or fundamental unfairness" as required when piercing the veil. *Id.*

B

[¶15] The findings do not sufficiently address the factors for piercing a company's veil and explain how they do or do not apply to this case. *Taszarek*, 2019 ND 168, ¶ 10. In *Taszarek*, the district court made conclusory statements

4

on each factor and found the defendant operated his business as an alter ego. *Id.* at ¶ 9. We remanded the case for adequate findings relating to the factors. *Id.* at ¶ 12. We did not analyze the court's findings for clear error.

[¶16] Here, in addition to not making findings on each factor, many of the findings are not supported by evidence. After reviewing the record, we conclude the evidence does not support findings under the applicable factors or a conclusion the company's veil should be pierced. The decision to pierce the veil and hold Kathrein personally liable is reversed.

IV

[¶17]  The judgment piercing the veil of Kathrein Trucking, LLC is reversed.

[¶18] Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte