# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 138

Michael Bullinger,                                                    Plaintiff and Appellant

v.

Sundog Interactive, Inc., Brent Teiken,

Eric Dukart, Johnathon Rademacher,

Matthew Gustafson,                                          Defendants and Appellees

and

James Heilman,                                                                      Defendant

### No. 20230007

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Michael L. Gust, Fargo, ND, for plaintiff and appellant.

Todd E. Zimmerman (argued), Benjamin J. Hasbrouck (on brief), Aubrey J. Fiebelkorn-Zuger (on brief), and Abigale R. Griffin (on brief), Fargo, ND, for defendants and appellees.

**Jensen, Chief Justice.**

[¶1]   Michael Bullinger appeals from a district court judgment dismissing his declaratory judgment action seeking a determination of whether Sundog Interactive, Inc. ("Sundog") violated N.D.C.C. § 10-19.1-88 and whether the individual defendants, Brent Teiken, Eric Dukart, Jonathan Rademacher, and Matthew Gustafson breached their fiduciary duties. Bullinger argues the court erred in failing to make adequate findings, erred in its application of N.D.C.C. § 10-19.1-88(10), erred in finding Bullinger has been paid the fair value of his ownership in Sundog, erred in finding Bullinger was not entitled to damages as a result of the individual defendants' breach of their fiduciary duties, and erred in denying Bullinger costs and attorney's fees. We conclude the court's findings are inadequate to permit appellate review, and we reverse and remand for further proceedings consistent with this opinion.

I

[¶2]   Bullinger invested in Sundog, shortly after Sundog was founded in 1997. In 2019 Sundog and Perficient, Inc. were negotiating a purchase of Sundog by Perficient. Bullinger, after receiving a Notice of Special Shareholder Meeting, dissented to the purchase agreement and sent a written Notice of Intent to Demand Fair Value of his shares. The other shareholders, Teiken, Dukart, Rademacher, and Gustafson voted to sell Sundog to Perficient and subsequently sent Bullinger a Post-Sale Notice to Dissenting Shareholders. Bullinger submitted his Demand for Payment and deposited his shares with Sundog by delivering an Affidavit of Lost Stock Certificate. Sundog provided Bullinger with a payment of $646,109.00. Bullinger, asserting the $646,109.00 was less than he was owed, sent Sundog a Written Notice of Fair Value and Demand for Payment, demanding $1,164,102.50 plus interest for his shares. Sundog did not pay Bullinger the amount demanded. Bullinger subsequently brought suit seeking a declaratory judgment to determine whether Sundog violated N.D.C.C. § 10-19.1-88 and whether the individual defendants breached their fiduciary duties. Sundog initiated several counterclaims.

1

[¶3] After a bench trial, the district court denied Bullinger's claims and Sundog's counterclaims. Bullinger appealed arguing the court erred in failing to make adequate findings, erred in its application of N.D.C.C. § 10-19.1-88(10), erred in finding Bullinger has been paid the fair value of his ownership in Sundog, erred in finding Bullinger was not entitled to damages as a result of the individual defendants' breach of their fiduciary duties, and erred in denying Bullinger costs and attorney's fees.

## II

[¶4] Bullinger argues the district court erred in its application of N.D.C.C. § 10-19.1-88(10). The relevant portion of Section 10-19.1-88(10), N.D.C.C. provides:

> If the corporation receives a demand under subsection 9, it shall, within sixty days after receiving the demand, either pay to the dissenter the amount demanded or agreed to by the dissenter after a discussion with the corporation or file in court a petition requesting that the court determine the fair value of the shares plus interest. . . . The court shall determine whether the shareholder or other shareholders in question have fully complied with the requirements of this section, and shall determine the fair value of the shares, taking into account any and all factors the court finds relevant, computed by any method or combination of methods that the court, in its discretion, sees fit to use, whether or not used by the corporation or by a dissenter. The fair value of the shares as determined by the court is binding on all shareholders, wherever located. A dissenter is entitled to judgment for the amount by which the fair value of the shares as determined by the court, plus interest, exceeds the amount, if any, remitted under subsections 6, 7, and 8, but shall not be liable to the corporation for the amount, if any, by which the amount, if any, remitted to the dissenter under subsections 6, 7, and 8 exceeds the fair value of the shares as determined by the court, plus interest.

[¶5] Bullinger additionally argues the district court erred in finding Bullinger was not entitled to damages for a breach of fiduciary duties. Whether there has been a breach of fiduciary duties is a question of fact and will only be reversed if clearly erroneous. *Puklich v. Puklich,* 2019 ND 154, ¶ 36, 930 N.W.2d 593.

"A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *Danuser v. IDA Marketing Corp.*, 2013 ND 196, ¶ 31, 838 N.W.2d 488.

[¶6]   The district court made limited findings and conclusions for each of the issues. The court concluded as follows:

> North Dakota Century Code § 10-19.1-88 and any violation of the same has not prejudiced Bullinger. The value of these shares is being considered in this lawsuit. Therefore, that claim fails. Bullinger has been paid the fair value of his shares.
>
> Bullinger is not entitled to an award of attorney's fees as a dissenting shareholder. Bullinger has no right to damages as a result of breaches of fiduciary duties.

[¶7]   Rule 52(a)(1), N.D.R.Civ.P., requires the district court, in an action tried on the facts without a jury, to find the facts specially. "The purpose of the rule is to allow the appellate court to obtain a correct understanding of the factual issues determined by the district court as a basis for its conclusions of law and judgment." *Taszarek v. Lakeview Excavating, Inc.,* 2019 ND 168, ¶ 10, 930 N.W.2d 98. Conclusory, general findings by the district court are insufficient under N.D.R.Civ.P. 52(a)(1). *Id.* "[A] district court errs as a matter of law when it does not make required findings to adequately understand the basis of its decision[.]" *Abelmann, v. Smartlease USA, L.L.C.*, 2014 ND 227, ¶ 18, 856 N.W.2d 747.

[¶8]   The district court's findings are inadequate to allow us to understand its decision. The court's order makes only conclusory findings on the issues. The court failed to apply N.D.C.C. § 10-19.1-88 to the facts, and failed to determine whether Bullinger was a dissenting shareholder under Section 10-19.1-88. The court also failed to make any findings on what, if any, fiduciary duties were owed to Bullinger, if any of those fiduciary duties were breached, and if they were breached why Bullinger was not entitled to damages. We conclude the court's decision does not satisfy N.D.R.Civ.P. 52(a)(1), and its findings are insufficient to allow us to adequately understand its decision.

## III

[¶9]   Because the judge presiding over the original proceedings has retired, the judge assigned to this matter must "make a Rule 63, N.D.R.Civ.P., certification prior to conducting further proceedings or, alternatively, order a new trial." *In re Estate of Bartelson*, 2015 ND 147, ¶ 20, 864 N.W.2d 441 (quoting *Smestad v. Harris*, 2011 ND 91, ¶ 15, 796 N.W.2d 662). Rule 63, N.D.R.Civ.P., provides:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

## IV

[¶10] We conclude the district court failed to make adequate findings under N.D.R.Civ.P. 52(a) and the findings are inadequate to permit appellate review. We reverse and remand for further proceedings consistent with this opinion. Because a new judge must be assigned, the district judge on remand must also certify compliance with N.D.R.Civ.P. 63.

[¶11]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

4