# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 31

Michael Bullinger,          Plaintiff and Appellant

v.

Sundog Interactive, Inc., Brent Teiken,

Eric Dukart, Johnathon Rademacher, and

Matthew Gustafson,          Defendants and Appellees

    and

James Heilman,          Defendant

## No. 20240188

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Nicholas W. Chase, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Michael L. Gust, Fargo, ND, for plaintiff and appellant.

Todd E. Zimmerman (argued) and Abigale R. Griffin (on brief), Fargo, ND, for defendants and appellees.

**Jensen, Chief Justice.**

[¶1]   Michael Bullinger appeals from a district court judgment dismissing his claims with prejudice and awarding Sundog Interactive, Inc. ("Sundog") attorneys' fees and costs. Bullinger argues the court erred in its interpretation of N.D.C.C. § 10-19.1-88(5) in finding he was not a dissenting shareholder, erred in its interpretation of N.D.C.C. § 10-19.1-88(10) by finding he was not entitled to payment equal to his demand because he had failed to enter into discussions with Sundog, erred in ruling Bullinger was not entitled to damages as a result of the individual defendants' breach of their fiduciary duties, and erred in its award of attorneys' fees and costs. We conclude the district court erred in finding that Bullinger was not a dissenting shareholder and that he was not entitled to payment equal to his demand for payment made pursuant to N.D.C.C. § 10-19.1-88(9). We further conclude the court did not err in finding there had not been a breach of fiduciary duties. We affirm in part and reverse in part. A remand for reconsideration of the award of attorneys' fees and costs is required.

I

[¶2]   Bullinger invested in Sundog in 1998. In 2019, Sundog and Perficient, Inc. negotiated a purchase of Sundog by Perficient. After receiving a Notice of Special Shareholder meeting, Bullinger dissented to the purchase and sent a written Notice of Intent to Demand Fair Value of his shares. The other shareholders, Brent Teiken, Eric Dukart, Jonathan Rademacher, and Matthew Gustafson, voted to sell Sundog to Perficient and subsequent to the sale sent Bullinger a Post-Sale Notice to Dissenting Shareholders. Bullinger submitted a Demand for Payment and deposited his shares with Sundog by delivering an Affidavit of Lost Stock Certificate. Sundog tendered $646,106.09 to Bullinger, Sundog's estimate of the fair value of Bullinger's interest. Bullinger, asserting the $646,106.09 was less than he was owed, sent Sundog a Written Notice of Fair Value and Demand for Payment with his estimate of the value of his interest in the amount of $1,164,102.50 plus interest. Sundog did not pay Bullinger the amount demanded, the parties did not reach an agreement for a different amount, and Sundog did

not initiate court proceedings to determine the fair value of Bullinger's interest. Bullinger subsequently brought suit seeking a declaratory judgment asserting Sundog was required under N.D.C.C. § 10-19.1-88(10) to pay his demand and asserting an additional claim that the individual defendants breached their fiduciary duties.

[¶3] The district court denied Bullinger's claims and Sundog's counterclaims. Bullinger appealed arguing the court erred in failing to make adequate findings, erred in its application of N.D.C.C. § 10-19.1-88(10), erred in finding Bullinger has been paid the fair value of his ownership in Sundog, erred in finding Bullinger was not entitled to damages as a result of the individual defendants' breach of their fiduciary duties, and erred in denying Bullinger costs and attorney's fees. This Court concluded the district court failed to make adequate findings, and it reversed and remanded for further proceedings. *Bullinger v. Sundog Interactive, Inc.*, 2023 ND 138, ¶ 10, 993 N.W.2d 487. On remand, the district court issued an order dismissing Bullinger's claims with prejudice and awarding attorneys' fees to Sundog.

II

[¶4] The parties agree this case is governed by N.D.C.C. § 10-19.1-88. Sundog does not dispute Bullinger complied with N.D.C.C. § 10-19.1-88(3) by providing a written notice of intent to demand the fair value of his shares and not voting in favor of the proposed sale. Bullinger does not dispute that Sundog provided the notices required by N.D.C.C. § 10-19.1-88(2) and (4). The parties agree that Bullinger, as required by N.D.C.C. § 10-19.1-88(5), demanded payment and deposited certificated shares (through a certificate of lost shares) within thirty days after the notice provided by Sundog under subsection 4. The parties dispute whether Bullinger's inclusion of a disputed amount of additional ownership in Sundog invalidates his subsection 5 demand.

[¶5] The parties agree Sundog tendered $646,106.09 as its estimate of the fair value of Bullinger's ownership interest and otherwise complied with the requirements of N.D.C.C. § 10-19.1-88(6). The parties agree Bullinger sent Sundog his estimate of the fair value through a Written Notice of Fair Value and

2

Demand for Payment, demanding $1,164,102.50 plus interest, required by N.D.C.C. § 10-19.1-88(9). The district court found Bullinger's estimate of the value of his interest to be insufficient to satisfy by N.D.C.C. § 10-19.1-88(9). Within sixty days of Bullinger's subsection 9 demand, Sundog did not pay Bullinger the amount demanded, did not agree to an alternative amount, and did not file a petition in court requesting a determination of the fair value of Bullinger's ownership interest as required by N.D.C.C. § 10-19.1-88(10). The court found Bullinger was not entitled to payment because he failed to enter into discussions with Sundog required by N.D.C.C. § 10-19.1-88(10). The parties disagree whether Sundog's failure to take one of three actions permitted by N.D.C.C. § 10-19.1-88(10) entitles Bullinger to payment of his full demand.

III

[¶6] Bullinger argues the district court erred in its application of N.D.C.C. § 10-19.1-88(5) in finding that he was not a dissenting shareholder. The court found he was not a dissenting shareholder to an amount greater than the undisputed 1,983.84 shares, and he failed to provide an adequate statement of fair market value. "The interpretation of a statute is a question of law, which is fully reviewable on appeal." *Rocky Mountain Steel Founds., Inc. v. Brockett Co., LLC*, 2019 ND 252, ¶ 11, 934 N.W.2d 531.

[¶7] This Court has recognized that the North Dakota Business Corporations Act, N.D.C.C. ch. 10-19.1, provides significant protections and remedies to minority shareholders. *See Bearce v. Yellowstone Energy Dev., LLC*, 2021 ND 143, ¶ 13 963 N.W.2d 299. Upon the sale of a corporation, N.D.C.C. § 10-19.1-87 affords dissenting shareholders the option to obtain the fair value of their shares. The parties agree that N.D.C.C. § 10-19.1-87 outlines the rights of dissenting shareholders and N.D.C.C. § 10-19.1-88 establishes the procedures for payment.

[¶8] After receiving a Notice of Special Shareholder meeting as required under N.D.C.C. § 10-19.1-88(2), Bullinger dissented to the purchase agreement and sent a Notice of Intent to Demand Fair Value of his shares. The other shareholders voted to sell Sundog and sent Bullinger a Post-Sale Notice to Dissenting Shareholders. Bullinger submitted a Demand for Payment under N.D.C.C.

§ 10-19.1-88(5). Bullinger's demand included 1,983.84 shares the parties agreed were owned by Bullinger. Bullinger deposited with the corporation, through an affidavit of lost stock certificates, the 1,983.84 undisputed shares. The district court found the following:

> Because Bullinger, admittedly, only owned 1,983.84 shares at the time the sale was announced, he was wholly unable to comply with N.D.C.C. § 10-19.1-88(5) with respect to the additional 482.28 shares. He was not, and could not, be a dissenter regarding those shares.

[¶9] On appeal, Bullinger conceded his claim for the additional shares. We conclude the district court did not err in finding Bullinger's claim was limited to the 1,983.84 undisputed shares, plus interest.

IV

[¶10] Bullinger challenges the district court's finding he was not a dissenting shareholder because "[a]t no time has Bullinger contended that the sale to Perficient was completed at anything other than fair value." Under N.D.C.C. § 10-19.1-88(9), a dissenting shareholder is entitled only to the amount remitted by the corporation based on the corporation's estimate of the fair value of the shares unless the dissenting shareholder provides the corporation with his own estimate of the fair value within thirty days of remittance and demands payment of the difference. Sundog does not dispute that Bullinger provided the corporation with his estimate of fair value, within thirty days of the date Sundog tendered payment of its estimated fair value.

[¶11] The district court's focus on determining the fair value of Sundog and whether the sale of Sundog to Perficient was for fair value is misplaced and premature under the statutory procedure. Under N.D.C.C. § 10-19.1-88(6), Sundog was required to tender to Bullinger Sundog's estimate of the fair value. Under N.D.C.C. § 10-19.1-88(9), Bullinger had thirty days to demand payment of his estimated fair value, or he would have been statutorily limited to accepting Sundog's estimated fair value; Bullinger timely provided his estimate. Under N.D.C.C. § 10-19.1-88(10), after receiving Bullinger's estimated fair value, the corporation had to make one of the following three choices: 1) accept Bullinger's

4

estimate of the fair value, which is also the default option if Sundog failed to act within sixty days, 2) discuss and negotiate an agreed upon fair value, or 3) file an action in the district court seeking a determination of the fair value. N.D.C.C. § 10-19.1-88(9) and (10) require only estimates of fair value from Sundog and Bullinger. Bullinger could accept Sundog's estimate of the fair value either expressly or by failing to act within thirty days or, as he did in this case, provide his estimate of value. In response, Sundog had the option to accept Bullinger's estimate of fair value either expressly or by failing to act within sixty days, negotiate an alternative value, or initiate a court proceeding to establish the fair value. Here, Bullinger sought to enforce his statutory remedy to payment of his estimate of the fair value following Sundog's failure to elect one of the three options under N.D.C.C. § 10-19.1-88(10) within sixty days. There is no requirement in the statutory procedure at that juncture for formal valuations or any formal determination of the fair value of the corporation. Sundog could have elected to seek court intervention for a formal determination of the fair value but failed to timely make that election. The district court erred as a matter of law in determining Bullinger was required to challenge whether the sale to Perficient was made at fair value.

[¶12] Sundog argues the application of N.D.C.C. § 10-19.1-88(10) to provide a statutory remedy requiring Sundog to accept Bullinger's estimate results in a windfall to the dissenting shareholder. We disagree. Bullinger was faced with the same potential issue when required to act within thirty days after receipt of Sundog's estimate of fair value under N.D.C.C. § 10-19.1-88(9). Had he not provided his own estimate of value, Sundog would have had the statutory remedy to require Bullinger to accept Sundog's estimate of value. The statutory structure provides an informal method for resolving differences between a corporation and a dissenting shareholder using their estimates of fair value. The corporation has the final opportunity to reach an informal resolution based on the estimates or file an action seeking a formal resolution.

V

[¶13] Bullinger argues the district court erred in finding he had failed to comply with N.D.C.C. § 10-19.1-88(10) because he failed to participate in "discussions"

5

after he had made his demand for payment and provided his estimate of value. The relevant part of N.D.C.C. § 10-19.1-88(10) reads as follows:

> If the corporation receives a demand under subsection 9, it shall, within sixty days after receiving the demand, either pay to the dissenter the amount demanded or agreed to by the dissenter after a discussion with the corporation or file in court a petition requesting that the court determine the fair value of the shares plus interest.

[¶14] The statute imposes a requirement on the corporation, Sundog, to pay the demand or an agreed upon amount, or file in district court a petition requesting a court determine the fair value. Subsection 10 of N.D.C.C. § 10-19.1-88 does not impose any requirements on the dissenting shareholder. The court erred as a matter of law in determining Bullinger had failed to comply with subsection 10 by not entering into discussions with Sundog to resolve the differences in the parties estimated values.

VI

[¶15] Bullinger asserts the district court erred in finding that he did not provide competent evidence to support his claims for breach of fiduciary duties. Whether there was a breach of fiduciary duties is a question of fact and will only be reversed if clearly erroneous. *Puklich v. Puklich*, 2019 ND 154, ¶ 36, 930 N.W.2d 593. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *Danuser v. IDA Marketing Corp.*, 2013 ND 196, ¶ 31, 838 N.W.2d 488.

[¶16] To establish a breach of a fiduciary duty, the plaintiff must prove: "1. A fiduciary relationship between the plaintiff and defendant. 2. A duty by the defendant to the plaintiff arising from that relationship. 3. The defendant's breach of that duty. 4. Damage to the plaintiff proximately caused by that breach of duty." *Estate of Vendsel*, 2017 ND 71, ¶ 14, 891 N.W.2d 750 (cleaned up). Damages are an essential element of a claim for breach of fiduciary duty. *Ziemann v. Grosz*, 2024 ND 166, ¶ 36, 10 N.W.3d 801. However, "[m]erely stating damages exist is not enough." *Estate of Vendsel*, ¶ 18.

6

[¶17] Bullinger asserted the individual defendants breached their duty as directors to act in the best interests of minority shareholders by not authorizing distributions, taking additional compensation, and providing themselves with an incentive equity plan. The district court held Bullinger "could not present the Court with any facts, data, or other sources of information" to support his breach of fiduciary duty claims. "Bullinger conceded that he has no knowledge of: the industry in which Sundog operated; Sundog's competitors; comparable salaries in the industry; or relevant corporate practices regarding dividends in the industry." Additionally, the court found that Bullinger never quantified any claim for damages.

[¶18] In addition to challenging the district court's findings regarding his breach of fiduciary duty claim, Bullinger further argues the North Dakota Century Code provides him with a remedy under N.D.C.C. §§ 10-19.1-85.1 and 10-19.1-115. The court held Bullinger did not pursue a claim under N.D.C.C. § 10-19.1-115.

[¶19] After a review of the record, we conclude the district court's findings regarding the alleged breach of fiduciary duties were not induced by an erroneous view of the law, there is evidence in the record to support the findings, and, after reviewing all the evidence, we are not left with a definite and firm conviction a mistake has been made. The court's findings regarding the claim for breach of fiduciary duties are not clearly erroneous.

VII

[¶20] Bullinger argues the district court erroneously relied on N.D.C.C. §§ 10-19.1-86(1), 10-19.1-115(2)(b)(5), and 10-19.1-88(11) in awarding attorneys' fees to Sundog. As explained in the following paragraphs, we agree N.D.C.C. §§ 10-19.1-115(2)(b)(5) and 10-19.1-88(11) do not apply and remand for consideration of the award in light of our holding that Bullinger was entitled to payment of his demand made pursuant to N.D.C.C. § 10-19.1-88(9) after Sundog failed to act within sixty days as required by N.D.C.C. § 10-19.1-88(10).

[¶21] Because it is likely to arise on remand, we note that N.D.C.C. § 10-19.1-88(11) does not apply in this case. Subsection 11 allows the award of the costs and expenses of the district court proceedings under subsection 10 in

7

the event a corporation files a petition in court to determine the fair value of a dissenting shareholder's ownership. The reference to proceeding under subsection 10 is the court proceeding Sundog failed to timely elect. It does not apply to this proceeding.

[¶22] We also note N.D.C.C. § 10-19.1-115(2)(b)(5) allows equitable relief or compelled dissolution of a corporation if, in a shareholder action, it is established that corporate assets were being misapplied or wasted. The statute is not applicable to this action.

## VIII

[¶23] Bullinger was a dissenting shareholder and properly demanded payment for 1,983.84 shares and provided an estimate of value for his interest in Sundog as allowed under N.D.C.C. § 10-19.1-88(9). Sundog failed to act within sixty days as required under N.D.C.C. § 10-19.1-88(10) and Bullinger is entitled to payment pursuant to his demand. The district court's findings that Bullinger had failed to establish his claim for breach of fiduciary duties were not clearly erroneous. In light of our determination on Bullinger's entitlement to the statutory remedy for the 1,983.84 undisputed shares plus interest, a remand is required with respect to the entry of a judgment pursuant to the statutory remedy, and a review of the award of attorneys' fees and costs. We affirm in part, reverse in part, and remand.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

8